```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/4/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MITCHELL KERSCH,

                Plaintiff,

      -v-

FOXO TECHNOLOGIES, INC.,

                Defendant.

**ORDER**

24-CV-5408 (JAV) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

Pending before the Court is a motion by Defendant FOXO Technologies Inc. ("Defendant" or "Foxo"), pursuant to Rule 55(c) and Rule 6(b)(2) of the Federal Rules of Civil Procedure, to set aside the Clerk's Certificate of Default entered against it and to enlarge its time to answer the Complaint. Def.'s Not. of Mot., ECF No. 31. For the reasons set forth below, Defendant's motion is GRANTED.[1]

## I. BACKGROUND

On July 17, 2024, Plaintiff Mitchell Kersch ("Plaintiff" or "Kersch") filed his Complaint against Foxo seeking damages for Foxo's alleged breach of the terms of a promissory note dated September 20, 2022, which was attached as an exhibit to the Complaint (the "Promissory Note"). *See* Compl., ECF No. 1; Promissory Note, Ex. 1 to Compl., ECF No. 1-1. The Promissory Note was one of a series of notes (the

---

[1] A motion to set aside entry of default is subject to disposition by a Magistrate Judge as a non-dispositive pretrial motion under 28 U.S.C. § 636(b)(1)(A). *See Johnson v. New York Univ.*, 324 F.R.D. 65, 67 n.2 (S.D.N.Y. 2018), *aff'd*, 800 F. App'x 18 (2d Cir. 2020). Thus, the Court is deciding the instant motion by an Opinion and Order, rather than making a recommendation to the presiding judge.

"Senior PIK Notes") that were issued to Kersch and other lenders (collectively, the "Holders") pursuant to a Senior Promissory Note Purchase Agreement, dated September 20, 2022 (the "Purchase Agreement").  12/31/24 Lagan Decl., ECF No. 34, ¶ 3; *see also* Purchase Agmt., Ex. 2 to 12/31/24 Lagan Decl., ECF No. 34-2. Section 22 of the Promissory Note provides that it cannot be amended, "except in a written instrument signed . . . by [Foxo] and 50.01% of the Holders of the [Senior PIK Notes] based upon the Aggregate Original Principal Amount of the [Senior PIK Notes]."[2]  Promissory Note at 10–11.

On July 18, 2024, the Clerk of Court issued a Summons as to Foxo.  *See* Summons, ECF No. 4.  On July 19, 2024, the Summons and Complaint were served on Registered Agent Solutions, Inc., which was Foxo's registered agent in Delaware. *See* 7/22/24 Aff. of Service, ECF No. 5; 12/31/24 Lagan Decl. ¶ 7.  Foxo's current Chief Executive Officer ("CEO"), Seamus Lagan, filed a sworn Declaration stating that neither Mark White, who was Foxo's CEO on July 19, 2024, "nor anyone else in Foxo's management received a copy of the [S]ummons and [C]omplaint[,]" and that "[a] subsequent investigation revealed that Foxo's registered agent in Delaware did not have the correct contact information for Foxo."  12/31/24 Lagan Decl. ¶ 7.

Foxo failed to timely respond to the Complaint.  *See* 11/22/24 Lawlor Decl., ECF No. 22, ¶ 11–12.  On August 26, 2024, Kersch sought a Clerk's Certificate of Default.  *See* Pl.'s Prop. Clerk's Cert. of Default, ECF No. 9; 8/26/24 Lawlor Decl.,

---

[2] Similarly, Section 5.5 of the Purchase Agreement provides that it cannot be amended except by a written instrument signed by the Company and the holders of "at least 50.01% in interest of the [Senior PIK] Notes based on the Aggregate Principal Balance (as defined in the Notes) of the Notes purchased hereunder . . . ."

2

ECF No. 10.  Also on August 26, 2024, the Clerk of Court issued a Certificate of Default as to Foxo.  Clerk's Cert. of Default, ECF No. 11.  On September 27, 2024, District Judge Analisa Torres, who was the presiding judge at the time, directed Kersch to initiate default judgment proceedings in accordance with Judge Torres' Individual Rules or otherwise take steps to prosecute this action.  *See* 9/27/24 Ord., ECF No. 12.  After Kersch's papers that were filed on October 14, 2024, ECF Nos. 13–15, were denied for failure to comply with Judge Torres' Individual Rules, ECF No. 17, on November 22, 2024, Kersch successfully filed[3] and served[4] papers in support of his request for a default judgment.  *See* Prop. Ord. to Show Cause, ECF No. 21; 11/22/24 Lawlor Decl., ECF No. 22; 11/22/24 Kersch Decl., ECF No. 23; Affs. of Service, ECF Nos. 26–28.

On December 9, 2024, the Court issued an Order to Show Cause ("OSC") why an order should not be entered against Foxo, pursuant to Federal Rule of Civil Procedure 55, for the entry of a default judgment.  12/9/24 OSC, ECF No. 25.  Foxo was served with the OSC on December 12, 2024.  Affs. of Service, ECF Nos. 26–28.  On December 18, 2024, this case was reassigned to the Honorable Jeannette A. Vargas.

---

[3] Versions of these documents filed earlier on November 22, 2024 with an incorrect case number were rejected by the Clerk of Court before being successfully re-filed.  *See* Filing Errors, ECF Nos. 18–20.

[4] Plaintiff served a copy of the OSC and supporting documents on Foxo at 729 North Washington Avenue, Suite 600, Minneapolis, MN 55401 on December 13, 2024.  ECF No. 28.  This is the address of Foxo's principal executive offices as listed on its Form 10-Q dated June 30, 2024.  *See* ECF No.14-3.  Prior attempts at service of documents in support of Plaintiff's motions for default judgment were erroneously sent to Suite 60 rather than Suite 600 and were therefore ineffective attempts at service.  *See* ECF Nos. 14-5, 19-6, 22-6.

On December 31, 2024, counsel for Foxo filed a Notice of Appearance and the instant motion before the Court.  Greenberg Not. of Appearance, ECF No. 29; Def.'s Not. of Mot.; Def.'s 12/31/24 Mem., ECF No. 33; 12/31/24 Lagan Decl.  On January 13, 2025, Plaintiff filed his opposition memorandum.  Pl.'s 1/13/25 Opp. Mem., ECF No. 35.  On January 17, 2025, Defendant filed its reply memorandum and a supporting affidavit.  Def.'s Reply, ECF No. 36; 1/17/25 Lagan Aff., ECF No. 37.

On January 24, 2025, Judge Vargas entered an Amended Order of Reference, referring this case to me for, among other things, general pretrial purposes.  1/24/25 Am. Ord. of Reference, ECF No. 40.

## II.   LEGAL STANDARDS

Rule 55(a) provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Once an entry of default has been made, the defendant may move to set aside the default pursuant to Rule 55(c) for good cause shown.  Fed. R. Civ. P. 55(c).

Where, as here, a Certificate of Default has been entered by the Clerk of Court, but no final default judgment has yet been entered, the Court decides a motion to set aside the entry of default pursuant to Rule 55(c), which is more lenient than the standard to set aside a default judgment under Rule 60(b).[5]  *See*

---

[5] Rule 55(c) provides: "The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  "Rule 60(b) applies only to relief from final judgments."  *Doe v. Baram*, No. 20-CV-9522 (ER), 2023 WL 4624555, at *7 (S.D.N.Y. July 19, 2023).  A final judgment exists only "when there is nothing left for the court to adjudicate."  *Murray Eng'g, P.C. v. Windermere Props. LLC*, No. 12-CV-52 (JPO), 2013 WL 1809637, at *3 (S.D.N.Y. Apr. 30, 2013) (quoting *Globe Indem. Co. v. J.T. Falk & Co., Inc.*, No. 91-CV-271 (PKL), 1992 WL 116630, at *3 (S.D.N.Y. May 15,

4

*Meehan v. Snow*, F.2d 274, 276 (2d Cir. 1981) ("[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b).").

In determining whether good cause exists to set aside an entry of default, courts consider: (1) "the willfulness of the default"; (2) "the existence of a meritorious defense"; and (3) "the level of prejudice that the non-defaulting party may suffer should relief be granted." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001). "Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron*, 10 F.3d at 96. "It is well established that default judgments are disfavored," and that "[a] clear preference exists for cases to be adjudicated on the merits." *Pecarsky*, 249 F.3d at 174.

"The determination of whether to set aside a default is left to the 'sound discretion of the judge, the person [who is] most familiar with the circumstances of the given case and . . . in the best position to evaluate the good faith and credibility of the parties.'" *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp.

---

1992)). "Where an inquest for damages remains outstanding, no final judgment accordingly has yet been entered." *Doe*, 2023 WL 4624555, at *7. Here, the Clerk of Court entered a Certificate of Default, ECF No. 11, which was not a final default judgment under the Federal Rules of Civil Procedure. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir. 1993) ("a default judgment cannot be entered until the amount of damages has been ascertained").

2d 333, 337 (S.D.N.Y. 2013) (ellipsis in original) (quoting *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991)).  Further, in the context of deciding whether to set aside a default, there is an "oft-stated preference for resolving disputes on the merits."  *Enron*, 10 F.3d at 95 (citing *Traguth v. Zuck*, 710 F.2d 90, 93 (2d Cir. 1983).

## III.  DISCUSSION

Applying the relevant factors, the Court, in its discretion, hereby grants Defendant's motion to set aside the Certificate of Default.

### A.  Willfulness of Default

The Court finds that the Defendant's default was not willful.  A finding of willfulness is appropriate where "there is evidence of bad faith" or the default arose from "egregious or deliberate conduct."  *Holland v. James*, No. 05-CV-5346 (KMW) (KNF), 2008 WL 3884354, at *2 (S.D.N.Y. Aug. 21, 2008) (quoting *Am. All. Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 60–61 (2d Cir. 1996)).  Conduct that is "merely negligent or careless" does not suffice.  *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).  Courts should "resolve any doubt about [a defendant's] willfulness in [its] favor."  *Raheim v. New York City Health and Hosps. Corp.*, No. 96-CV-1045 (JFB) (CPP), 2007 WL 2363010, at *4 (E.D.N.Y. Aug. 14, 2007) (citing *Enron*, 10 F.3d at 98).

In the present case, as explained by Foxo's current CEO, Lagan, an investigation revealed that Foxo's registered agent in Delaware did not have the correct current contact information for Foxo.  12/31/24 Lagan Decl. ¶ 7.  Foxo's default in August 2024, at the time that the Certificate of Default was entered, was

6

because of Foxo's negligence in failing to provide current contact information to its registered agent.[6] Thus, Foxo's default was negligent, not willful.

### B.  Establishment of a Meritorious Defense

The Court finds that Foxo has established a meritorious defense. Courts in this Circuit routinely recognize that a defendant need only meet a low threshold to satisfy this factor. *See, e.g.*, *Allen v. Norman*, No. 08-CV-6041 (BSJ) (HBP), 2012 WL 3525584, at *6 (S.D.N.Y. July 23, 2012) ("[W]hether a meritorious defense is presented[] requires only that the defendant meet a low threshold"); *see also Am. All. Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (defense "need not be ultimately persuasive at this stage" to satisfy this factor).

Foxo has made a showing that this action is likely moot because the Promissory Note at issue was cancelled and satisfied in full. Specifically, on October 18, 2024, Foxo received the approval of over 50.01% of the Holders of the Senior PIK Notes based on aggregate principal balance to enter into Amendment No. 1 (the "Amendment").[7]  12/31/24 Lagan Decl. ¶ 5; Amendment, Ex. 3 to Lagan Decl., ECF No. 28-3.  Pursuant to the Amendment, the Senior PIK Notes are to be automatically exchanged into shares of Foxo's Series B Cumulative Convertible Redeemable Preferred Stock (the "Series B Preferred Stock") effective as of 5:00

---

[6] In mid-October 2024, when Foxo first became aware of this action, Foxo was in the process of changing management.  12/31/24 Lagan Decl. ¶ 9 ("White was on his way out as CEO and would soon be replaced by [Lagan]").  Once Lagan was installed as Foxo's new CEO, in December 2024, he promptly retained counsel to address Foxo's default. *Id.* ¶ 11.

[7] As noted above, Plaintiff's Promissory Note could be amended by a written instrument signed by Foxo and 50.01% of the Holders of the Senior PIK Notes.  *See* Promissory Note at 10–11.

p.m. Eastern Time on the second business day after the date on which Foxo's shareholders approve the conversion of the Series B Preferred Stock into shares of Class A Common Stock (the "Automatic Conversion Date"). Amendment at 1–2. Under the terms of the Amendment, upon the Automatic Conversion Date, "all [Senior PIK] Notes (including all accrued and unpaid Interest) shall be cancelled and satisfied in full." *Id.* at 2.

On January 17, 2025, the shareholders of Foxo approved the conversion of Foxo's Series B Preferred Stock into shares of Foxo's Class A Common Stock. 12/31/24 Lagan Decl., ECF No. 33, ¶ 3; *see also* Written Consent, Ex. A to 12/31/24 Lagan Decl., ECF No. 33-1. Thus, pursuant to the terms of the Amendment set forth in the preceding paragraph, on January 21, 2025 (*i.e.*, the second business day after shareholder approval), Plaintiff's Promissory Note, which is one of the Senior PIK Notes, 12/31/24 Lagan Decl. ¶ 3, was cancelled and satisfied in full. Thus, it appears that this action, which is premised upon a breach of Plaintiff's Promissory Note, was rendered moot on January 21, 2025.

### C. Prejudice Resulting from Setting Aside the Default

Finally, Plaintiff has not established that he will suffer any prejudice by having the Certificate of Default vacated. Indeed, although his opposition identifies "whether setting aside the default would prejudice the adversary" as a relevant factor, *see* Pl.'s 1/13/25 Opp. Mem. at 1, Plaintiff fails to describe any prejudice that would result from vacating the Certificate of Default.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to set aside the Clerk's Certificate of Default is GRANTED and Defendant's motion to extend its time to answer the Complaint is also GRANTED. Defendant shall respond to the Complaint by February 18, 2025.

The Clerk of Court is respectfully directed to terminate the Motion to Set Aside Default at ECF No. 31 as GRANTED.

**SO ORDERED.**

Dated: February 4, 2025
New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge